**COLLEGE INN FOOD PRODUCTS CO. v.
LOUDON PACKING CO. et al.
No. 4926.**

Circuit Court of Appeals, Seventh Circuit.
July 19, 1933.

Edward Sonnenschein, Hugo Sonnenschein, David Levinson, and I. E. Ferguson, all of Chicago, Ill. (Robert G. Howlett, of Chicago, Ill., of counsel), for appellant.

Samuel D. Royse, Gilbert W. Gambill, and Frank J. Crawford, all of Terre Haute, Ind., and Frank C. Dailey, Perry E. O'Neal, George S. Dailey, and Robert A. Efroymson, all of Indianapolis, Ind., for appellees.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge (after stating the facts as above).

The issues presented by this appeal are (1) whether, after the parties had failed to agree upon a price for cocktails during the packing season of 1932, and after appellant had contracted with others for the manufacture of its cocktails for that packing season, the appellees were obligated under the first contract to refrain from selling tomato juice cocktail to others than appellant during the packing season of 1932, or under the second contract to refrain from selling the cocktails except under private label with the consent of appellant, (2) whether there was error in admitting in evidence certain interrogatories and answers thereto and refusing to order appellees to make further answers to certain interrogatories propounded by appellant, and (3) whether appellees were guilty of unfair competition.

It is contended by appellant that by virtue of section 8 of seller's promises under the first contract, the first issue must be decided in its favor, regardless of the fourth section of the mutual agreements, which provides that in case the parties are unable in any year to agree upon a price to be paid for the cocktails for the ensuing season, the seller shall be released from its obligations under the contract during that season; that section 8 is a negative covenant which is in no way connected with section 4, and that it was the intention of the parties that the seller should be bound thereby during all the time from the date of the first contract to August 1, 1933, irrespective of any failure to agree on price, and that, therefore, under the first contract the seller was not permitted to sell cocktails to anyone except appellant, during the entire time.

In this construction we think appellant is in error. All parts of the contract should be construed together if possible, and no reason is apparent why it cannot be done without violence to the plain and ordinary meaning of the words used. We think section 8 must be read in the light of section 4, and that when considered together they mean that section 8 was to be applied in each year for which the price had been agreed upon, and if for any year or years contemplated by the contract, the price was not fixed, then for that period section 8 was not applicable, for it was to operate only during the continuance of the contract. Without an agreement as to price the contract would never have become operative, and when, after it came into operation, there was a failure to agree on the price in one of the subsequent years, a hiatus in its operation was thereby created for that year, and during that time the seller was relieved from all of its obligations including the negative covenants. There is no doubt that a negative covenant can be enforced by injunction, but we find no case in which a defendant has been thus enjoined when according to the plain terms of the contract he had already been released from all obligations arising out of it by the occurrence or non-occurrence of some certain event.

Nor do we think the second contract supports appellant's contention in any respect. Its declared object was to make section 8 of seller's promises less restrictive, and it in no manner affects the binding force of section 4 of the mutual promises in the original contract. It is true that the first covenant of the second contract grants to appellees a restricted right to sell cocktails to others than appellant during the period commencing with the packing season of 1932, and at no other time during the continuance of the first contract. This modification of section 8 must be construed with section 4 in the same manner as was section 8 of the original contract. Moreover, the first contract cannot be said to have been in effect from August 1, 1932 to

August 1, 1933, because there had been no agreement as to price for that year, and appellant had contracted to purchase from others. That being the last year of the contract, it was of no force or effect after February 1, 1932, because the agreement as to price for 1932, in order to be effective, must have been made prior to that date. We think the trial court's construction of both contracts was right, and that appellees have not violated them in any way. Furthermore, appellant, in violating the provisions of the second contract with respect to sales of its goods below the agreed prices, was in no position to ask relief from a court of equity.

■ Appellant's contention with relation to unfair competition cannot be considered by this court, because the alleged facts upon which it is necessarily based have been found by the trial court not to exist, and there is substantial evidence to support those findings.

■ On April 22, 1932, appellant propounded forty-two interrogatories to be answered by appellees, which they answered or purported to answer on May 14, 1932. The trial was begun on September 6, 1932. As a part of appellant's evidence, it introduced twenty-three of the interrogatories and the answers to them. Thereafter, appellees, as a part of their case, offered in evidence all the interrogatories and answers as an entirety. The court received them as an entirety over appellant's objection, but no exception was taken by it to that ruling. The latter fact is a sufficient answer to this assignment of error, but a perusal of the interrogatories and the answers thereto which appellant did not introduce convinces us that they were properly admitted in explanation and elucidation of those which it did introduce, and appellant admits that this rule is the proper test of their admissibility.

■ It is further contended that the court erred in not requiring appellees to answer more completely interrogatories 29, 30, 31, 38, and 39. The first three asked for the names and addresses of all persons, firms or corporations solicited by appellees after February 1, 1932, to enter into contracts, and for copies of all letters written for that purpose. Appellees answered that they had solicited such contracts and written such letters relative to cocktail made from tomatoes grown after August 1, 1932, generally to all persons, firms and corporations engaged in the business of purchasing tomato juice cocktails, but that to give the names and addresses and copies of the letters would be practically impossible on account of their volume.

Interrogatories 38 and 39 asked for copies of all contracts for the sale and delivery of cocktail entered into by appellees after February 1, 1932. Appellees answered that the information thus sought related to business secrets to which appellant was not entitled. The court refused to require further answers, and appellant saved no exception to the ruling. We do not concede that there was error in this ruling, but even if there were, the court was warranted in refusing to interfere with the progress of the trial by requiring further answers at that time when appellant had raised no objections to the answers since receiving them on May 14, 1932. We find no error in the record.

Decree affirmed.